HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL G SPARKS,<br><br>              Plaintiff,<br><br>   v.<br><br>LEWIS COUNTY PROSECUTORS' OFFICE,<br><br>              Defendant. | CASE NO. C14-5028 RBL<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL<br><br>[Dkt. #s 1 & 2] |

THIS MATTER is before the Court on Plaintiff Sparks' application to proceed *in forma pauperis* [Dkt. #1], and his Motion to Appoint Counsel [Dkt. #2].

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Mr. Sparks' filings demonstrate that he meets the "indigent" requirement for IFP status. However, his complaint seeks to assert claims for violation of due process and for attempted pre-meditated murder. The factual underpinning of these claims is far from clear.

The case does not have any arguable substance, factually or legally, at this point. The Motion to proceed IFP is DENIED. Plaintiff should file an amended application, setting forth the identities of the parties, the specific facts surrounding the alleged claims, and the claims themselves, within 15 days of the date of this Order. The Complaint should be written in complete sentences, preferably in chronological Order. It should identify the parties and the actors and in some fashion tie them to the actions at issue, and to the claims Plaintiff seeks to assert, and to the damages he claims to have suffered. Alternatively, Plaintiff can pay the filing fee.

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under §1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's Motion claims only that he cannot afford an attorney. He has not established any "exception circumstances" that would entitle him to one at the taxpayer's cost. The Motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated this 14th day of January, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE